IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DONYAEL HENRY**                                                                                       **PLAINTIFF**

**VERSUS**                                                          Civil Action No. 3:25CV3-MPM-RP

**KEITH AND DAVID GRANT HOMES LLC,**
**HEIDI COATES, and MORTGAGE**
**RESEARCH CENTER, LLC d/b/a VETERANS**
**UNITED HOME LOANS**                                         **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion of defendant Grant Homes LLC to compel arbitration in the above-entitled action. Plaintiff Donyael Henry has responded to the motion, and the court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is, *inter alia*, a Truth in Lending Act action arising out of unfair lending practices allegedly committed by defendants in connection with plaintiff's purchase of a new home. On August 11, 2025, defendant Grant Homes filed a motion to compel arbitration and to stay this matter pending that arbitration. Two weeks later, plaintiff filed a response in which he conceded that he is bound by an arbitration provision in his sales contract with Grant Homes, but he noted that there was no similar arbitration provision relating to defendant Veterans United. [24-1 at 4]. Nevertheless, plaintiff made clear his position that his claims against Veterans United should be arbitrated alongside his claims against Grant Homes, and he offered two avenues to accomplish this. First, plaintiff noted that Veterans United could agree to litigate the claims against it in

1

arbitration or, alternatively, plaintiff offered case law suggesting that equitable estoppel would *require* that all of the claims in this case be arbitrated together. *Id.* at 3. Specifically, plaintiff wrote in his response to Grant Homes' motion to compel arbitration that "Veterans United can either agree to binding arbitration or, if it does not agree, the Court can compel Veterans United to arbitration based on the fact that suit against Veterans United outside of arbitration could undermine the arbitration proceeding and thwart federal policy in favor of arbitration." *Id.*

In explaining in greater detail why the law requires that his claims against Veterans United be arbitrated alongside those against Grant Homes, plaintiff wrote that:

> [N]on-signatories may be compelled to arbitrate under specific circumstances, such as when equitable estoppel applies. This doctrine allows a non-signatory to enforce or be bound by an arbitration agreement in two scenarios: (1) when the signatory to the agreement must rely on the terms of the agreement to assert its claims against the non-signatory, or (2) when the signatory alleges substantially interdependent and concerted misconduct by both the non-signatory and one or more signatories to the agreement. *Hill v. G E Power Sys.*, 282 F.3d 343, 347 (5th Cir. 2002). Indeed, if a suit against a non-signatory is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the trial court has discretion to grant a stay if the suit would undermine the arbitration proceedings and thwart the federal policy in favor of arbitration. *Id*.
> In this case, the allegations raised in the Complaint are inextricably intertwined. For example, the allegations regarding the price and mortgage on the loan involves Plaintiff, Defendant Heidi Coates ("Coates"), Defendant Grant Homes, and Defendant Mortgage Research Center, LLC d/b/a Veterans United Home Loans ("Veterans United"). Since Veterans United is not a signatory to the arbitration agreement between Plaintiff and Grant Homes, it's beneficial at this stage to sort these issues out now. * * * As a result, it is Plaintiff's position that this Court is the most useful and efficient way to sort out the issues regarding binding arbitration, one way or another.

[Brief at 2-3].

It is thus apparent that plaintiff's response to Grant Homes' motion to compel arbitration was nothing less than a full endorsement of the desirability and legality of arbitrating all of his claims in this case. Indeed, it appeared to this court that, while plaintiff might have ideally preferred not to arbitrate *any* of his claims in this case, he recognized that he was bound to

arbitrate his claims against Grant Homes and, that being the case, decided it was preferable not to split his claims and litigate them in different forums.[1] This strikes this court as being a rather pragmatic position on plaintiff's part. The arbitration issues in this case seemed to only get clearer when, in seeking dismissal under Rule 12(b)(6), Veterans United made clear that it was likewise agreeable to allowing an arbitrator to decide these issues. Specifically, Veterans United wrote in its brief that "Veterans United alternatively joins the pending motion to compel arbitration—as Defendant Grant Homes requested and to which Henry joined—and requests that the Court stay this action pending those ADR proceedings." [Brief at 16].

It is at this point, after all the parties had expressed an agreement to arbitrate all of the claims in this case, that plaintiff sought to slam on the brakes and back up his vehicle. Specifically, plaintiff wrote in his response to Veterans United's motion to dismiss that:

> PLAINTIFF WITHDRAWS HIS AGREEMENT TO BINDING ARBITRATION AGAINST VETERANS UNITED AND SEEKS TRIAL ON THE MERITS AGAINST ALL CLAIMS INSTITUTED AGAINST VETERANS UNITED PURSUANT TO 15 U.S.C. § 1639C(E)
> Plaintiff, due to the complexities of the issues related to the mortgage loan, declines to agree to arbitrate the claims. Specifically, under 15 USCS § 1639c, subsection (e) arbitration provisions are prohibited in residential mortgage loans or extensions of credit secured by the consumer's principal dwelling. Specifically, such loans cannot include terms requiring arbitration or other nonjudicial procedures for resolving disputes arising from the transaction. However, Plaintiff understands that this prohibition does not necessarily prevent the parties from agreeing to arbitration after a dispute has arisen, but based on the issues now presented, Plaintiff has asked counsel to reject arbitration of the claims against Veterans United.
> Next, in the context of Defendant Keith and David Grant Homes LLC's arbitration clause, to the extent that any claims brought against it are distinct from the claims of Defendant Veterans United, those claims may be subject to arbitration. In this case, Plaintiff's RESPA, TILA and breach of good faith and fair duty claims are inextricably

---

[1] Specifically, plaintiff wrote in his brief that:
> [T]he arbitration provision signed by Plaintiff is legally binding on Plaintiff and accordingly, Plaintiff has no opposition to the stay. However, Plaintiff's preference is for all the parties to be subject to arbitration and this forum is the most efficient way to resolve that issue.

[Brief at 4].

3

intertwined and therefore, not subject to arbitration. Nevertheless, given the totality of the case, this Court may be the best forum for all claims arising out of the transaction or occurrence.

[Brief at 9-10].

It is unclear to this court why plaintiff has made a 180-degree turn in his position on the arbitration issue, but it concludes that his request for a "take back" in this regard is not well taken. In so stating, this court notes that plaintiff made the change in his legal position clear not in his briefing on the arbitration issue, but, rather, in response to Veteran United's motion to dismiss. In ruling upon a motion to compel arbitration, this court must necessarily rely on the briefing on that issue, and, once again, plaintiff's response to the motion to compel arbitration was nothing less than a full endorsement of the arbitration of all of his claims in this case. That aside, plaintiff concedes in his response that he understands that the law "does not necessarily prevent the parties from agreeing to arbitration after a dispute has arisen," [43-1 at 10] and this court finds that this is, indeed, what happened in this case. Indeed, plaintiff's declaration in his subsequent briefing that he "withdraws his agreement" simply confirms that an agreement was, in fact, reached in this regard once Veterans United likewise agreed to arbitration.[2]

Even assuming, *arguendo*, that the aforementioned facts are somehow insufficient to constitute an agreement among the parties, this court reiterates that, in his response to Grant Homes' motion to compel arbitration, plaintiff expressly stated that the law would **require** that his claims against Veteran United be arbitrated alongside those against Grant Homes even absent an agreement among the parties. Once again, plaintiff's own argument in this regard was that "Veterans United can either agree to binding arbitration or, if it does not agree, the Court can

---

[2] This court wonders whether plaintiff's sudden change in position simply reflects a desire to be contrary and difficult, under the theory that, if the opposing side is in favor of a certain position, then he should be against it.

4

compel Veterans United to arbitration based on the fact that suit against Veterans United outside of arbitration could undermine the arbitration proceeding and thwart federal policy in favor of arbitration." *Id.* at 3. Moreover, plaintiff cited federal case law, noted above, which, he argued, would require arbitration under principles of equitable estoppel.

This court believes that, in light of plaintiff's briefing practices in this case, judicial estoppel should be added to the list of estoppels which require that his claims against Veteran United be arbitrated. Judicial estoppel "is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *In re Superior Crewboats, Inc.,* 374 F.3d 330, 334 (5th Cir.2004) (citing *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988)). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest." *Id.* (quoting *In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir.1999)). The doctrine of judicial estoppel "is designed to protect the judicial system, not the litigants...." *Id.* In the court's view, there is no serious question that plaintiff has, in fact, taken inconsistent positions in this case, and it can discern no good reason why judicial estoppel should not apply to bar him from doing so. In so stating, this court observes that federal courts could not function if parties were permitted to take wildly inconsistent positions in different briefs, after the opposing side had already relied upon a party's original position in preparing a response. Permitting such dramatic swings in a party's legal positions would serve to prejudice the opposing side by requiring them to pay their counsel to submit new briefing to rebut new arguments which were seemingly adopted based more upon a whim than upon any change in the law or facts.

This court believes that plaintiff's agreement to arbitrate his claims against Veterans United also strengthens his original argument that equitable estoppel applies in this case. Indeed,

5

Mississippi law is clear that allowing a non-signatory to enforce an arbitration agreement via estoppel "makes sense [when] the parties resisting arbitration had expressly agreed to arbitrate claims of the very type that they asserted against the nonsignatory." *Intent Performance LLC v. Intent Sports & Fitness, LLC*, 2025 WL 1601045, at *11 (S.D. Miss. June 5, 2025). There is no question that, in this case, plaintiff "had agreed" to arbitrate his claims against Veterans United – indeed, he admits as much in seeking to "withdraw" that agreement. However, Mississippi law as stated in *Intent Performance* makes it clear that principles of estoppel – whether it be judicial or equitable in nature – prevent him from simply withdrawing that agreement after defendant relied upon it in staking out a legal position in this case and in briefing these matters.

In light of the foregoing, this court agrees with plaintiff's argument in his initial briefing that all of his claims in this case should be submitted to arbitration and that this case should be stayed pending that arbitration.

It is therefore ordered that defendant's motion to compel arbitration is granted, and this case is hereby stayed pending that arbitration, pursuant to 9 U.S.C. § 3. Veteran United's motion to dismiss is dismissed without prejudice to the arguments therein being raised during arbitration.

This, the 16th day of October, 2025.

    /s/Michael P. Mills  
UNITED STATES DISTRICT JUDGE  
NORTHERN DISTRICT OF MISSISSIPPI